UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BABYSAFE USA, LLC, 11-19 Johnson St.,
Bainbridge, NY 13733

        Plaintiff,

   v.            3:10-cv-1057

BABYSENSE LLC, 3910 Adler Place
Bethlehem, PA 18017, and

YANIV SHTALRYD, Shmotkin 10,
Rishon Le Zion, Israel, 75363,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

  Plaintiff commenced the instant action against Defendants asserting various claims arising out of Defendants' alleged conversion of baby monitors. Presently before the Court are Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12 for lack of personal jurisdiction and for failure to state a claim on which relief can be granted.

**I. FACTS**

  The following facts are taken from Plaintiff's Complaint and, for purposes of the pending motions, are assumed to be true. Plaintiff was the exclusive United States distributor of the "Babysence" infant movement monitor manufactured by Hisense Ltd., an Israeli Corporation. In May 2009, Plaintiff entered into an agreement with Hisense to purchase 2800 monitors at $40 per unit. Plaintiff paid Hisense $68,600, with a balance of

$49,400 due in sixty days. "Hisense Ltd. and defendants unlawfully diverted the shipment of Babysense units purchased by plaintiff to a warehouse over which defendants now have control." Compl. at ¶ 10. Defendants have been selling the monitors purchased by Plaintiff.

Based on the foregoing facts, Plaintiff commenced the instant action asserting claims for: (1) tortious interference with contract; (2) tortious interference with business relations; (3) violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"); and (4) breach of an implied contract. Defendants now move to dismiss on the grounds that: (1) the Court lacks personal jurisdiction; and (2) the Complaint fails to state a claim upon which relief can be granted.

## II. DISCUSSION

### a. Personal Jurisdiction

Defendants move to dismiss on the ground of lack of personal jurisdiction. At this stage, Plaintiff need only make a prima facie showing of personal jurisdiction over Defendants. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). "[P]laintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited . . ., would suffice to establish jurisdiction over the defendant." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996); see also Penguin Group (USA) Inc. v. American Buddha, 609 F.3d 30, 34-35 (2d Cir. 2010); In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2006). The pleadings and affidavits must be construed in the light most favorable to plaintiff, resolving all doubts in its favor. Chloe, 616 F.3d at 163.

"To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis." Chloe, 616 F.3d at 163.

First, the Court must apply the state's long-arm statute. Id. The second step involves determining whether personal jurisdiction comports with the Due Process Clause. Id. at 164.

Section 302 of the New York Civil Practice Law and Rules provides that:

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

In the instant case, Plaintiff claims that jurisdiction is proper under C.P.L.R. §§ 302(a)(1) and (a)(3).[1] Under section 302(a)(1), Plaintiff must show that: (1) Defendants "transact business" within New York; and (2) the claims must arise out of that business activity. Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC, 450 F.3d 100, 103 (2d Cir. 2006). As the Second Circuit recently explained:

a defendant need not be physically present in New York to transact business there within the meaning of the first clause of section 302(a)(1) . . . as long as he engages in purposeful activities or volitional acts through which he avails himself of

---

[1] Plaintiff improperly cites the relevant provisions as § 302(1) and § 301(3)(ii).

> the privilege of conducting activities within the State, thus invoking the benefits and protections of its laws. Further, the second clause of section 302(a)(1) provides for jurisdiction where the defendant has only "minimal contacts" with New York but contracts to deliver goods or services to the state.

Chloe, 616 F.3d at — (internal citations, quotations, and alterations omitted). "[S]ection 302 is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Id. (internal quotation and citation omitted).

Here, the only allegation concerning Defendant's activities is at paragraph 39 of the Complaint, which states that "Defendant . . . sells the Babysense product to retailers throughout the United States." Even considering Plaintiff's minimal burden at this stage, this bare allegation is insufficient to demonstrate that Defendants have engaged in a purposeful or volitional act through which they have availed themselves of the privilege of conducting activities within the State of New York. See PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1109 (2d Cir. 1997); see also Girl Scouts of U.S. v. Steir, 102 Fed. Appx. 217; CutCo Industries, Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). Because the Complaint does not allege any facts suggesting purposeful contact with the State of New York, jurisdiction is not established under § 302(a)(1).[2]

Under section 302(a)(3)(ii), Plaintiff must demonstrate that: (1) Defendant committed a tort outside of New York; (2) the cause of action arose from that act; (3) the tortious act caused "injury to person or property within the state," (4) Defendant expected or

---

[2] It further does not appear that Plaintiff's claims arise out of the transaction of any business in New York.

should reasonably have expected that their action would have consequences in New York; and (5) Defendants derive substantial revenue from interstate or international commerce. Penguing Group, 609 F.3d at 35; see C.P.L.R. § 302(a)(3)(iii).

Here, elements 1 and 2 are not in dispute. Turning to the third element, in its memorandum of law in opposition to the motion to dismiss, Plaintiff argues that § 302(a)(3) is satisfied because it has an office in New York. Mem. at 3. It is well-settled that a plaintiff's residence or domicile in New York "is not a sufficient predicate for jurisdiction, which must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there." Fantis Foods, Inc. v. Standard Importing Co., Inc., 49 N.Y.2d 317, 326 (1980). Indeed, the Second Circuit has noted that "the suffering of economic damages in New York is insufficient, alone, to establish a 'direct' injury in New York." Penguin Group, 609 F.3d at 38. "It has been held that the situs of a nonphysical, commercial injury is where the critical events associated with the dispute took place." Weiss v. Greenburg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A., 85 A.D.2d 861, 862, 446 N.Y.S.2d 447, 449 (3d Dep't 1981) (internal quotation marks and citations omitted).

Here, the Complaint identifies only economic injury. While the Complaint does allege the loss of customers generally, it does not allege the loss of New York customers or some other direct harm in New York. In this regard, the New York Court of Appeals case of Fantis Foods, Inc. v. Standard Importing Co., Inc., 49 N.Y.2d 317 (1980), is instructive. Similar to the instant case, in Fantis Foods, Synergal agreed to sell 1200 barrels of cheese to Standard Importing. However, Synergal sold the same 1200 barrels of cheese to Fantis Foods while the shipment was at sea and on route to Chicago. Standard obtained 300

barrels and Fantis obtained the other 900 barrels.  Fantis sued Standard under theories of conversion and breach of contract for the diversion of the 300 barrels.  The Court of Appeals held that, even assuming the plaintiff would be entitled to lost profits on its conversion claim, "there is still no basis for finding loss of profits from a New York transaction or reasonable foreseeability of such a loss."  Fantis Foods, Inc., 49 N.Y.2d at 326.  The Court noted that "in view of the destination of the cheese there is no basis other than sheer speculation for finding loss of any New York sales."  Id. at n.4

To serve as the basis of personal jurisdiction under § 302(a)(3)(ii), any lost sales or lost customers must be in the New York market.  Darby Trading, Inc. v. Shell Intern. Trading and Shipping Co., Ltd., 568 F. Supp.2d 329, 336-38 (S.D.N.Y. 2008).  Here, acknowledging that Plaintiff resides in New York, the Complaint, nonetheless, does not specify any direct harm in New York.  The Complaint speaks to retail sales in the United States generally.  See e.g. Compl. at ¶¶ 15, 20, 35, 39.  The Complaint does not specify whether the baby monitors were being shipped to New York or identify any loss of New York sales or New York customers.  In its opposition to the pending motion to dismiss, Plaintiff does not submit any affidavits demonstrating, and does not otherwise argue, that it lost New York customers or sales in New York.  See Darby, 568 F. Supp.2d at 337-38.

Further, turning to the fifth element, although the Complaint alleges that "Defendant Babysence LLC's conduct affects interstate commerce, in that Defendant Babysense LLC sells the Babysense product to retailers through the United States," the Complaint does not quantify to what extent Defendant derives revenue from interstate or international commerce.  Even if the Court inferred from the general tenor of the Complaint that Defendants engage in substantial interstate and/or international commerce, similar to the reasons previously

discussed in connection with the analysis of personal jurisdiction under § 302(a)(1), there are insufficient factual allegations in the Complaint to satisfy the Due Process Clause's minimum contacts requirement. The Complaint does not plead sufficient facts suggesting that Defendants have purposefully availed themselves of the privilege of conducting activities in New York, thereby invoking the benefits and protections of its laws.[3]

### III.	CONCLUSION

For the foregoing reasons, the Complaint is DISMISSED for lack of personal jurisdiction.

IT IS SO ORDERED.

Dated: October 19, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[3] Plaintiff also has failed to refute Defendant Shtalryd's affidavit (and supporting exhibit) stating that he does not have any ownership interest in Babysense and does not otherwise have any contacts with New York sufficient to establish personal jurisdiction.